UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MANUEL A. GARCIA** | **:** | **CIVIL ACTION NO. 2:22-CV-00481** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE, ET. AL.** | **:** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiff Manuel A. Garcia. Doc. 7. The motion is opposed by defendants Christopher Davis and Privilege Underwriters Reciprocal Exchange ("PURE"). Doc. 10. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **GRANTED.**

### I.
#### BACKGROUND

Plaintiff Manuel A. Garcia filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on September 16, 2021, naming as defendants Privilege Underwriters Reciprocal Exchange ("PURE"), Christopher Davis, and Progressive Security Insurance Company ("Progressive"). Doc. 1, att. 1, p. 1. Garcia claims personal injuries allegedly sustained as the result of a vehicular accident that occurred between himself and Davis. *Id.* at p. 2. He alleges that Davis was insured by PURE. *Id.* at p. 3. Garcia further alleges that he was insured by Progressive for uninsured/underinsured motorist coverage. *Id.*

Defendants removed this action to this court on February 17, 2022. Doc. 1. In their Notice of Removal, defendants contend that the 14th Judicial District Court signed an Order dismissing Progressive from this suit on February 11, 2022. Doc. 1, ¶ 2. They also contend that the parties are completely diverse, the amount in controversy exceeds the jurisdictional amount, and removal was timely. Doc. 1, ¶¶ 10–23.

Plaintiff filed the instant Motion to Remand claiming only that removal was untimely. Doc. 7, att. 1, p. 3. In his reply to defendants' opposition briefing, however, plaintiff claims for the first time that complete diversity of citizenship does not exist because Progressive is allegedly domiciled in Louisiana. Doc. 11, p. 1. Because new jurisdictional allegations were raised in the reply, we gave defendants a chance to affirmatively establish that there was diversity of citizenship by ordering them to amend their Notice of Removal. Doc. 12. The deadline for the ordered amendment has since passed, and defendants have not complied.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S.Ct. 1673, 1675 (1994)). Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). However, a federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.

§ 1332(a)(1). The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 472 (1996).

  A. *Timeliness and Amount in Controversy*

The parties agree that the amount in controversy exceeds $75,000. Doc. 1, ¶¶ 16–22; Doc. 7, att. 1, pp. 3–4. The dispute here is whether defendants' Notice of Removal was timely.

Removal is perfected by filing a notice of removal in the district court for the district and division within which such action is pending, which notice shall contain a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). Generally, a defendant must file a notice of removal within thirty days from the time the defendant receives an "initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). This thirty-day period, however, "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

When "the case stated by the initial pleading" does not provide grounds for removal, a defendant may remove the action within thirty days from receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The "other paper" must be "'unequivocally clear and certain' to start the time limit running for a notice of removal." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The "clear and certain" standard was adopted to promote judicial efficiency by reducing "'protective' removals by defendants faced with an equivocal record." *Id.* The Fifth Circuit "specifically declined to adopt a rule which would expect defendants to 'ascertain[] from the circumstance[s] and the initial pleading that the [plaintiff] was seeking damages in excess of the minimum jurisdictional amount.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719

F.3d 392, 399 (5th Cir. 2013) (citing *Chapman*, 969 F.2d at 163) (brackets in original). Instead, courts in the Fifth Circuit apply a "bright line rule 'requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount.'" *Id.* (quoting *Bosky*, 288 F.3d at 210).[1]

Plaintiff claims it was facially apparent in his Petition for Damages that his claims exceeded $75,000. Doc. 7, att. 1, p. 5. Defendant disagrees, citing the general nature of the claimed damages. Doc. 10, pp. 5–6. Under the bright line rule in timeliness cases, however, the inquiry is not whether the jurisdictional amount was "facially apparent" in the petition, but rather whether the initial pleading "affirmatively reveals on its face" that plaintiff seeks damages in excess of the jurisdictional amount. *Mumfrey*, 719 F.3d at 400 (citing *Chapman*, 969 F.2d at 163). Plaintiff acknowledges that his petition for damages "does not include a specific allegation that his damages exceeded $75,000." Doc. 7, att. 1, p. 5. Thus, the "removal clock" was not triggered until defendants "received a copy of an 'amended pleading, motion, order, or other paper from which' it was first ascertainable that the case was removable," i.e., when they received plaintiff's responses to interrogatories and requests for production indicating the extent of plaintiff's injuries and medical treatment. *Mumfrey*, 719 F.3d at 400. Since defendants received these "papers" on January 18, 2022 [*see* doc. 10, p. 4], and filed their Notice of Removal less than thirty days later on February 17, 2022 [doc. 1], removal was timely.

---

[1] "For cases originating in Louisiana state courts, this standard must be applied bearing in mind that Louisiana law prohibits plaintiffs from pleading a specific monetary amount of damages, instead requiring that Louisiana plaintiffs include a 'general allegation that the claim exceeds or is less than the requisite amount' when 'a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.'" *Myers v. Walmart Inc.*, No. 2:21-CV-02618, 2022 WL 2682109, at *2 n. 4 (W.D. La. June 10, 2022) (quoting La. Code Civ. Proc. art. 893).

### B. *Diversity of Citizenship*

Now, we must assess diversity of citizenship.

Defendants contend, and plaintiff does not dispute, that diversity of citizenship exists between plaintiff and defendants Davis and PURE. Doc. 1, ¶ 15. Specifically, the parties agree that plaintiff is a Louisiana citizen. Doc. 1, ¶ 11; Doc. 11, p. 1. Furthermore, defendants claim that defendant Davis is a Texas citizen and PURE is a citizen of Delaware (place of incorporation) and New York (principal place of business). Doc. 1, ¶¶ 12–13. Plaintiff does not dispute these claims of citizenship. Defendants also contend that Progressive is an Ohio Corporation with its principal place of business in Ohio, which would mean the parties are completely diverse. Doc. 1, ¶ 14. Moreover, defendants claim that Progressive is not even a party to this suit because it was dismissed by the state court judge. *Id.*

However, for the first time on reply, plaintiff claims that Progressive is a Louisiana domiciliary, which if true, destroys diversity of citizenship. Doc. 11, p. 1. Plaintiff correctly points out—also for the first time on reply—that defendants have provided no support for their claim that the 14th Judicial District Court dismissed Progressive from the case. *Id.* at p. 3. Such support should have been included with the state court record. *See* 28 U.S.C. § 1446(a).

Federal courts "have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) (citing Fed. R. Civ. P. 12(h)(3); *Baker Oil Tools, Inc. v. Delta S.S. Lines, Inc.*, 562 F.2d 938, 940, n. 2 (5th Cir. 1977); *Oswalt v. Scripto, Inc.*, 616 F.2d 191 (5th Cir. 1980)). Although it would have been more efficient for plaintiff to have raised these issues in the original Motion to Remand, they must nevertheless be considered.

Defendants claim that Progressive was dismissed from this suit by the state court judge and is not a party herein. Doc. 1, ¶ 24. If true, this would mean Progressive's citizenship is irrelevant to the question of complete diversity. In his motion to remand, plaintiff initially claimed that he dismissed his claims against Progressive after reaching a settlement agreement with them. Doc. 7, att. 1, p. 1, n. 1. However, after defendants briefed the only issue plaintiff argued in his Motion to Remand (i.e., timeliness) [doc. 10], plaintiff raised a new claim on reply: Progressive is an active defendant in this action and defendants have failed to prove that Progressive was dismissed from the case. Doc. 11, p. 3.

In determining whether they are a party, we note that Progressive is listed as a defendant in the header for this case's docket, and there is an attorney to be noticed listed for Progressive. We also note that the state court record filed by defendants contains no reference to Progressive's dismissal from the state court action. *See* doc. 9. Furthermore, defense counsel certified that they attached the entire state court record to document 9. Doc. 9, ¶ d. The only indication that Progressive is not truly a party to this matter is their inaction since removal to this court. We ordered defendants to amend their Notice of Removal to affirmatively show that Progressive was dismissed as a party, but defendants failed to do so. Doc. 12. Thus, based on the evidence before us, we cannot conclude that Progressive was dismissed from this suit in state court, which means we must determine Progressive's citizenship for purposes of diversity jurisdiction.

In their Notice of Removal, defendants claim Progressive is an Ohio corporation with its principal place of business in Ohio, and is, thus, an Ohio citizen for purposes of diversity jurisdiction. Doc. 1, ¶ 14. Defendants provide no support for this claim. In his reply to the

opposition to his Motion to Remand, plaintiff claims that Progressive is a Louisiana citizen.[2] Plaintiff attached to his reply an information sheet from the Louisiana Department of Insurance stating that Progressive's domicile is Louisiana to support his assertion. Doc. 11, att. 1. We allowed defendants an opportunity to prove Progressive's citizenship is diverse [doc. 12], but defendants declined the offer. The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Based on the information in the record, we cannot conclude that the parties are completely diverse. Defendants failed to provide evidence that Progressive was dismissed from the case or that complete diversity exists. Therefore, defendants, as the removing parties, failed to satisfy their burden of proving that federal jurisdiction exists.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 7] be **GRANTED**.

Under the provisions of 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

---

[2] Plaintiff also claims that the parties do not dispute that Progressive is a Louisiana citizen, despite the fact that this was the first time anyone had asserted Louisiana citizenship for Progressive and that defendants had previously claimed Progressive was an Ohio citizen. Doc. 11, p. 3.

Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 26th day of October, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE